IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIP M. MONIER,
     Petitioner,

vs.                       Case No.: 3:16cv174/MCR/EMT

JULIE JONES,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 7). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 19). Petitioner responded in opposition to the motion (*see* ECF No. 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 19).[1]  Petitioner was convicted by a jury in the Circuit Court in and for Escambia County, Florida, Case No. 2010-CF-4918, of one count of trespass of an occupied structure while armed with a dangerous weapon, two counts of aggravated assault by threat with a firearm and while in actual possession of a firearm, one count of kidnapping while in actual possession of a firearm, four counts of attempted felony murder of a law enforcement officer with actual possession and discharge of a firearm during the commission thereof, and one count of possession of a controlled substance (Ex. B at 228–39, Ex. C).  The state court sentenced Petitioner to a term of life imprisonment without parole on each of the attempted felony murder counts, a term of ten (10) years in prison on the kidnapping count, and a term of five (5) years in prison on each of the remaining four counts, with all sentences to run consecutively and with no pre-sentence jail credit (Ex. B at 241–57).   Petitioner appealed the

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 19) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-529 (*see* Ex. B at 266, Ex. D). Petitioner's counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. D). Petitioner filed a pro se initial brief (Ex. E). The First DCA affirmed the judgment per curiam without written opinion on July 15, 2013 (Ex. F). <u>Monier v. State</u>, 117 So. 3d 1092 (Fla. 1st DCA 2013) (Table). The mandate issued August 12, 2013 (Ex. G).

On October 10, 2014, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. H at 1–72). The state circuit court summarily denied the Rule 3.850 motion on September 9, 2015 (*id.* at 461–62, 467–72). Petitioner appealed the decision to the First DCA, Case No. 1D15-4944 (Ex. H at 792–94, Ex. J). On March 14, 2016, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. L). <u>Monier v. State</u>, 187 So. 3d 1237 (Fla. 1st DCA 2016) (Table). The mandate issued April 11, 2016 (Ex. M).

## II.    ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1).

The limitation period runs from the latest of:

>    (A)  the date on which the judgment became final by the conclusion of
>    direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by
>    State action in violation of the Constitution or laws of the United States
>    is removed, if the applicant was prevented from filing by such State
>    action;
>
>    (C)  the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly recognized
>    by the Supreme Court and made retroactively applicable to cases on
>    collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

The parties do not dispute that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 19 at 8; ECF No. 21 at 1).  The parties also agree that the federal limitations period began to run on October 15, 2013 (*see id.*). The undersigned, however, disagrees, and calculates the date of commencement of the federal limitations period as October 14, 2013.

The judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court.  The 90-day period runs from the date of entry of the judgment sought to be reviewed.  *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).  Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on July 15, 2013, and it expired 90 days later, on October 13, 2013.  The federal statute of limitations began to run the next day, on October 14, 2013.  Petitioner had one year from that date, or until October 14, 2014, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on

anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

On October 10, 2014, after **361 days** of the federal limitations period had expired, Petitioner filed a tolling motion in state court (his Rule 3.850 motion). That motion was pending until April 11, 2016, upon issuance of the First DCA's mandate in the post-conviction appeal. *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day, on April 12, 2016, and expired **4 days** later, on April 16, 2016 (**361 days + 4 days = 365 days**). However, April 16, 2016, was a Saturday; therefore, Petitioner had until Monday, April 18, 2016, to file a timely petition. *See* Fed. R. Civ. P. 6(a)(1) (if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

Respondent argues Petitioner did not file his petition until April 19, 2016, one day too late (*see* ECF No. 19 at 9). In Petitioner's § 2254 petition Petitioner states, under penalty of perjury, that he signed and placed his § 2254 petition in the prison mailing system on April 18, 2016 (ECF No. 1 at 28). The § 2254 petition bears an

institutional stamp, initialed by Petitioner, which states the petition was provided to Holmes C.I. on April 19, 2016, for mailing (*id.* at 1).

A document is deemed filed by a prisoner at the time the prisoner "deliver[s] it to the prison authorities for forwarding to the court . . . ." Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

The relevant prison rule governing legal mail provides, in relevant part:

> **33.210.102 Legal Documents and Legal Mail**
> . . . .
> (8) Processing of Legal Mail.
> . . . .
> (g) Inmates shall present all outgoing legal mail unsealed to the mail collection representative to determine, in the presence of the inmate, that the correspondence is legal mail, bears that inmate's return address and signature, and that it contains no unauthorized items. . . . If the outgoing mail is legal mail and it contains no unauthorized items, the mail collection representative shall stamp the document(s) to be mailed . . . . The date stamp shall be in the following format: "Provided to (name of institution) on (day, month and year blank to insert date) for mailing, by (officer's initials)." The mail collection representative shall then have the inmate initial the document(s) next to the stamp and have the inmate seal the envelope in the mail collection representative's presence. For confinement areas, the staff member who picks up the legal mail each day shall stamp the documents, have the inmate place his or her initials next to the stamp, and have the inmate seal the envelope in the staff member's presence.

Fla. Admin. Code r. 33-210.102(8)(g).

Petitioner explains that he intended to deliver his § 2254 petition to the legal mail collection representative by 9:00 a.m. on April 18, 2016, but the law library did not provide him with his typed § 2254 petition until approximately 11:00 a.m. that day (ECF No. 21 at 2, 4). Petitioner states that upon his signing his petition, on April 18, 2016, he gave it to the "Day Captain" for mailing, since it was past 9:00 a.m. (*id.* at 2, 4–5). Petitioner states the prison official and the mail room refused to accept the petition for mailing, and told Petitioner that legal mail is processed only once a day at 9:00 a.m. (*id.*). Petitioner states he was told to report to the mail room the following morning, on April 19, 2016 (*id.* at 2, 5). Petitioner states he told officials he would miss his federal deadline if he waited until the next day, but he then stopped "forcing the issue" when prison officials threatened to "lock him up" for disrespect (*id.* at 3, 5). Petitioner states he went to the mail room the next day, April 19, 2016, and the mail room stamped the petition indicating that it was provided to the institution on that date (*id.* at 5). Petitioner contends he is entitled to equitable tolling for one day (*id.* at 3–7).

The undersigned accepts Petitioner's declaration, made under penalty of perjury, that on April 18, 2016, he initially placed the § 2254 petition in the hands of

prison officials for mailing (ECF No. 1 at 28).  Petitioner's having done so, it was

timely filed.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Respondent's motion to dismiss (ECF No. 19) be **DENIED**.

2.     That this matter be referred to the undersigned for issuance of an order

establishing a deadline for Respondent to file an answer to the habeas petition.

At Pensacola, Florida, this 10th day of April 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**